SEALED

# United States District Court

NORTHERN DISTRICT OF TEXAS

FILED
DEC 17 2015
CLERK, U.S. DISTRICT COURT
By_____ Deputy

UNITED STATES OF AMERICA

V.                                        **COMPLAINT**

JOSE VAZQUEZ                              CASE NUMBER: 3-15-MJ-917-BK

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or before August 2015 through December 16, 2015, in the Dallas Division of the Northern District of Texas, defendant(s) did,

> knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to possess with the intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance,

in violation of Title __21__, United States Code, Section(s) __846 and 841(b)(1)(A)(viii)__.

I further state that I am a(n) __Task Force Officer with the Drug Enforcement Administration__ and that this complaint is based on the following facts:

> See attached Affidavit of Task Force Officer Jason J. Ford, DEA which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:    XX Yes    No

_____
Signature of Complainant
Jason J. Ford
Task Force Officer, DEA

Sworn to before me and subscribed in my presence, on this __17th__ day of __December__, 2015, at Dallas, Texas.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## Affidavit in Support of Criminal Complaint

I, Jason Ford, having been duly sworn, do depose and state as follows:

## I. PREFACE

The following affidavit is furnished to support an application for a criminal complaint and arrest warrant charging JOSE VASQUEZ in that on or before August 2015 through December 16, 2015, in the Northern District of Texas, Vasquez conspired with others known and unknown to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii).

## II. INTRODUCTION

1. I am a police officer with the Dallas (Texas) Police Department. I have been a police officer for twenty-five years and have investigated narcotic offenses for the past thirteen years. I am currently assigned as a Task Force Officer (TFO) to the Dallas Field Division of the Drug Enforcement Administration (DEA), United States Department of Justice, and have been so assigned for approximately 12 years. I have participated in all of the standard methods of investigation, including, but not limited to, electronic and visual surveillance, general questioning of witnesses, the use of search warrants, confidential informants, pen registers, and undercover agents. I have also received specialized training in Title III investigations from the DEA and have attended numerous narcotics training conferences, as well as various other narcotics and general law training courses, pertaining to narcotics interdiction, confidential source handling, interviews and interrogation. I have conducted numerous federal and state investigations involving the sale, distribution, importation and smuggling of illegal narcotics

**Affidavit in Support of Criminal Complaint- Page 1**

and/or the laundering of proceeds derived from the sale thereof. I am also familiar with the means and methods involved in narcotics distribution to include the use of coded language by narcotics traffickers.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, I am an officer of the United States who is authorized by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. Other law enforcement agents and officers and I have used these techniques during this investigation.

### III. BACKGROUND

3. In August of 2015, Affiant interviewed a cooperating individual (C.I.) who stated that he received kilogram quantities of methamphetamine from an individual known to him/her as Jose. Affiant was able to identify this person as Jose Vazquez. The C.I. has seen Vazquez' picture, and has confirmed that Affiant is investigating the same person. The C.I. stated that in the past, the C.I. would have to call a telephone that did not belong to Jose Vazquez to place an order for methamphetamine. A short time later Jose Vazquez would arrive at the residence of the C.I. to deliver the methamphetamine previously ordered. Prior to the C.I. becoming a cooperator, he/she admitted that he/she had purchased kilogram quantities regularly from Jose Vazquez by calling the phone number of the Mexican source of supply.

4. The C.I. stated to Affiant that he/she was provided a Mexican cellular phone number during the first week of November 2015, as the number to call to place an order for methamphetamine. The C.I. called this number and spoke with a male who the C.I. believed to be located in Mexico about purchasing methamphetamine. The C.I. stated that a day or two

**Affidavit in Support of Criminal Complaint- Page 2**

following this conversation, Jose Vazquez stopped by the C.I.'s house. Jose Vasquez drove a black Honda Civic bearing Texas license FCD8884. Jose Vazquez told the C.I. that once the C.I. called Mexico to place an order for methamphetamine, that he, Vazquez, would deliver the methamphetamine to the C.I. This meeting between the C.I. and Vazquez was unplanned, and the C.I. believes that Vazquez was checking on the C.I. due to the fact that months had passed since the C.I. had received methamphetamine from this organization.

5. On November 20, 2015, surveillance was established at Vasquez's residence at 1532 Connally Terrace, Arlington, Texas. During such surveillance, the C.I. made a recorded telephone call to the Mexican cellular telephone to request methamphetamine. Just prior to the C.I. making this phone call, surveillance units believe that they observed a male matching the description of Jose Vazquez come from the residence to the black Honda and drive away. Surveillance attempted to follow the black Honda, however the vehicle was lost in traffic. A short time later, the C.I. received a phone call from a different Mexican cellular telephone, but the same person who he/she had spoken to earlier stating that methamphetamine would not be available until later that day. The unknown caller from Mexico indicated through the use of slang language that the methamphetamine was still wet and was drying out.

6. On November 24, 2015 an order was signed in The Northern District of Texas by The Honorable Judge Paul D. Stickney authorizing a mobile tracking device to be placed on the black Honda. On November 30, 2015, this mobile tracking device was placed on the Honda, and electronic surveillance of the Honda has since been maintained. Affiant has made note that the black Honda goes to location, 2328 Brookdale Drive, Arlington, Texas on a daily basis. Affiant has checked the records on that location and found that this it is a rental property for which Jose

Affidavit in Support of Criminal Complaint- Page 3

Vazquez pays the water bill, even though Vasquez lives three miles away. Electronic surveillance confirms that Vasquez visits this location daily, but does not spend the night at this location. On December 10, 2015, Affiant was conducting physical surveillance of the 2328 Brookdale property and at 10:55 a.m. Affiant observed Jose Vasquez pull into the driveway of the location, pause then pull into the garage. Affiant knows from his prior experience investigating methamphetamine trafficking organizations that it is extremely unlikely that the recrystallization of the methamphetamine would take place in the residence of the traffickers because the odor produced by the chemical solvents would alert neighbors to the illegal activity occurring in the residence. Therefore, the Affiant believed that Vasquez was likely renting the 2328 Brookdale property for the purpose of concealing and recrystallizing methamphetamine. Consequently, Affiant sought a search warrant of the 2328 Brookdale property.

7.  On December 14, 2015, The Honorable Judge Renee Harris Toliver granted the request for a search warrant to search 2328 Brookdale in Arlington, Texas for evidence of drug trafficking. That warrant was executed on December 16, 2015, at about 2:15 p.m. Inside the house, officers found approximately 5,685 grams of methamphetamine drying in front of a box fan that was blowing across the shards of methamphetamine. An officer also found approximately 1,398 grams of methamphetamine in the kitchen trash can. Both substances gave positive field tests at the scene. Vasquez was not at the property.

8.  Shortly after the warrant was executed, Jose Vazquez's Honda was located via GPS tracker. Presuming it was being driven by Vasquez, some officers left the scene to follow it and take Vasquez into custody. A short time later, Vasquez was arrested by marked Dallas

County Sheriff's units. He was in possession of a large amount of U.S. currency, some of which was already bound up for shipment.

9. Jose Vazquez was given his *Miranda* warning at DEA Dallas Field Division. He freely agreed to be questioned. He admitted his role in the organization and further admitted to selling multi-kilogram amounts of methamphetamine and also delivering large sums of money to a member who sees that the money is transported to Mexico. He also admitted that he learned of the execution of the warrant at the house when a co-conspirator, who was using an phone application to monitor what was occurring at the search warrant location, called Vazquez and told him to lay low. The amount of currency has not yet been determined but Vazquez believes it to be over $50,000 dollars and stated that this was his salary for his role in the drug trafficking.

**Affidavit in Support of Criminal Complaint- Page 5**

## IV.  CONCLUSION

10. Based on the foregoing, I believe there is probable cause that on or before August 2015 through December 16, 2015, in the Northern District of Texas, Vasquez conspired with others known and unknown to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii).

JASON J. FORD
Task Force Officer, DEA
Dallas, Texas

Subscribed and sworn to before me this 17th day of December, 2015

Renée Harris Toliver
United States Magistrate Judge
Northern District of Texas

Affidavit in Support of Criminal Complaint- Page 6